*Alvin P. Hovey*, for the appellee.

---

### LINGLE v. CLEMENS and Another.

Suit for work and labor. Answer: that the work was done under a parol contract that the plaintiff would receive in payment, one of two designated town lots, which, on the completion of the work and the selection of the lot by the plaintiff, the defendant was to convey to him; that the defendant had always been ready and willing, &c., but that the plaintiff had failed to signify which lot he would take.

*Held*, that the contract was not within the statute of frauds.

A parol contract for the sale of land is voidable, not void; and payment of the consideration may be such part performance as to take such a contract out of the statute of frauds.

*Friday,
November* 29.

APPEAL from the *Tippecanoe* Common Pleas.

PERKINS, J.—Suit for work and labor in building a house. The defendant answered, as to $600 of the demand sued for, that the work was done under a special parol contract,

by which it was to be paid for, to the amount of $600, by the conveyance by the defendant to the plaintiff, of one of two designated lots in *Lafayette*, (giving their numbers,) the title to which was then in *Godlove S. Orth*, Esq., but which defendant was to procure and convey to plaintiffs when the work should be done, on the plaintiffs' signifying to him which one of the two lots he should procure and convey, they having the option; and the defendant averred that he had been at all times, and still was, ready, on the plaintiffs' choice being signified to him, to convey, &c.; but the plaintiffs had failed and refused, &c. But a short time elapsed after the work was performed before the suit was commenced.

A demurrer was sustained to this answer, on the ground that the contract was void by the statute of frauds. This is the question made in the case, and on this question, alone, we decide upon the ruling below. The ruling was as wrong as the proposition was inequitable.

The case of *Johnson* v. *Moore*, 1 Blackf. 253, is exactly in point. Ind. Dig., p. 15. Browne on the Statute of Frauds, lays down this proposition, at p. 125:

"The right of the vendee of land by verbal contract, to recover what money, or other consideration, he has paid, is clearly confined to those cases where the vendor has refused, or become unable, to carry out the contract, the plaintiff himself having faithfully performed, or offered to perform, on his part."

A parol contract for the sale of lands is voidable, not void. *Hadden* v. *Johnson*, 7 Ind. 394. It has been held that payment of the consideration may be such part performance as to take a parol contract for the sale of lands out of the statute. Perk. Prac. p. 659, and cases cited. Probably *Lingle* might have conveyed either lot, on the failure of the plaintiffs to designate. See *Wornack* v. *Jenkins, post*, 137.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with instructions to proceed according to this opinion.

*G. O. Behm* and *H. O. Behm*, for the appellants.
*S. A. Huff* and *R. Jones*, for the appellees.