DUBOIS COUNTY MACHINE COMPANY, INC. *v.* MRS. LEO
BLESSINGER ET AL.

[No. 1170A184. Filed October 26, 1971.]

*John D. Clouse,* of Evansville, for appellant.

*Clemence A. Nordhoff,* of Jasper, for appellees.

HOFFMAN, C. J.—This is an appeal from the entry of a summary judgment in an action filed by plaintiff-appellant seeking to enjoin defendants-appellees from interfering with an alleged oral easement.

The issue presented by this appeal is: Does the record contain a genuine issue of material fact as to whether appellant-Dubois County Machine Company, Inc. (Dubois) has an enforceable oral easement on land owned by certain of the appellees?[1]

The amended complaint of Dubois alleged that certain described real estate was purchased from Leo Blessinger, the predecessor of defendants. That shortly prior to the execution and delivery of the deed it was orally agreed that, so long as the Blessinger family owned the lot adjoining the land described in the amended complaint, Dubois would have an absolute right to the use of such adjoining lot for parking and/or a driveway. The amended complaint further alleged that the oral agreement had been performed by both parties until approximately one year prior to the filing of the lawsuit; and that the Blessinger family—the defendants—still own the adjoining lot and are interfering with the use of said lot by Dubois and thus preventing Dubois from making use of its oral easement. Dubois also alleged that there is no adequate remedy at law and prayed for an injunction enjoining defendants from interfering with the use of said lot adjoining its property.

Defendants answered denying each and every allegation contained in the amended complaint. The answers also contained a motion to dismiss on the ground that the amended complaint fails to state a claim upon which relief can be granted.[2] The trial court overruled the motion to dismiss the

---

1. The trial court sustained a motion to dismiss as to defendants-appellees Mrs. Leo Blessinger, Howard Miller, Robert Ambs, Ronald Leinenbach, Charles Wehr and Alois Burke for the reason that they had no interest in the property. A reversal is not being sought by appellant as to those appellees who have no interest in the property.

2. Rule TR. 12 (B) (6), Indiana Rules of Procedure.

amended complaint. In ruling upon such motion to dismiss the trial court must necessarily have found that the plaintiff stated a claim upon which relief could be granted.

This court in *Farm Bureau Insurance Company* v. *Clinton* (1971), 149 Ind. App. 36, 269 N. E. 2d 780, at 783, 25 Ind. Dec. 606, quoted from *Tahir Erk* v. *Glenn L. Martin Co.* (4th Cir. 1941), 116 F. 2d 865, at 869, and stated the test to be used in ruling on a motion to dismiss under Rule TR. 12(B) (6), Indiana Rules of Procedure, as follows:

> " 'Our duty * * * is to consider whether in the light most favorable to the plaintiff, with every intendment regarded in his favor, the complaint is sufficient to constitute a valid claim.' "

Defendants then filed a motion for summary judgment.[3] Affidavits were filed by both parties. The effect of such affidavits was to present to the trial court facts as to the creation and duration of the alleged easement, the deed conveying the real estate purchased, a portion of the last will and testament of Leo Blessinger, and an affidavit of death of Leo Blessinger. The trial court sustained defendants-appellees' motion for summary judgment for the following reasons:

> "1—Terms of the alleged oral agreement between the plaintiff and Leo Blessinger, granting an alleged easement, were entered into prior to execution of the deed to the real estate purchased by the plaintiff, and were never reduced to writing.
>
> "2—Such alleged agreement comes within the statute of fraud. Burns 33-101 [IC 1971, 32-2-1-1, Ind. Ann. Stat. § 33-101 (Burns 1969)] and,
>
> "3—Such purported easement is an interest in land and required to be in writing under Burns 56-103 [IC 1971, 32-1-2-4, Ind. Ann. Stat. § 56-103 (Burns 1961)].
>
> "4—The defendants as devisees of the real estate concerned, can not in the enjoyment of title thereto, be bound by any alleged oral agreement as to such easement or

---

3. Rule TR. 56, Indiana Rules of Procedure.

otherwise, such as parking space, entered into by their devisor."

"The question presented by a motion for summary judgment is whether there is a genuine issue of material fact and not how the issue should be determined." *Gifford* v. *Travelers Protective Ass'n* (9th Cir. 1946), 153 F. 2d 209, at 211. See also: *Koepke* v. *Fontecchio* (9th Cir. 1949), 177 F. 2d 125; *Ramsouer* v. *Midland Valley R. Co.* (8th Cir. 1943), 135 F. 2d 101.

The fact that it "is unlikely to prevail upon a trial, is not a sufficient basis for refusing to him his day in court with respect to issues which are not shown to be a sham, frivolous, or so unsubstantial that it would obviously be futile to try them." *Sprague* v. *Vogt* (8th Cir. 1945), 150 F. 2d 795, at 801. See also: *Union Transfer Co.* v. *Riss & Co.* (8th Cir. 1955), 218 F. 2d 553, 554.

Defendants objected to the affidavit of Edwin A. Vogler filed in opposition to the motion for summary judgment. Defendants properly point out that affidavits submitted on a motion for summary judgment must be composed of facts which would be admissible in evidence.[4] The affidavit of Vogler relates to negotiations between Leo Blessinger, who died November 22, 1954, the affiant, and another agent of Dubois, also deceased. Defendants argue that Vogler could not testify to such facts because of the dead man statute,[5] therefore such facts should not be considered when ruling on the motion for summary judgment. Even disregarding those

---

4. Rule TR. 56(E), Indiana Rules of Procedure, is, in part, as follows: "Form of affidavits—Further testimony—Defense required. Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence* and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis supplied.)

5. IC 1971, 34-1-14-7, Ind. Ann. Stat. § 2-1716 (Burns 1968) is as follows:

"When heirs or devisees are parties.—In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to, or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

parts of the affidavit which would not be admissible as evidence, the record reveals that there was a genuine issue of material fact.

IC 1971, 32-2-1-1, Ind. Ann. Stat. § 33-101 (Burns 1969) reads, in pertinent part, as follows:

"When contracts must be in writing.—No action shall be brought in any of the following cases:

\* \* \* \* \*

"Fourth. Upon any contract for the sale of lands.

\* \* \* \* \*

"Unless the promise, contract or agreement upon which such action; shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three [3] years."

The law is clear in Indiana that an easement is an interest in land and as such is within the purview of this statute. *Richter and Others* v. *Irwin* (1867), 28 Ind. 26. This statute, however, does not make a parol contract for an interest in land void, but merely voidable. *Lingle* v. *Clemens* (1861), 17 Ind. 124; *Hadden* v. *Johnson* (1856), 7 Ind. 394. Such parol contract may be excepted from the statute of frauds by the doctrine of part performance. To qualify as a part performance of the oral contract certain circumstances must be present and these circumstances must be founded on, and referrable to, the oral agreement. *Guckenberger* v. *Shank* (1941), 110 Ind. App. 442, 37 N. E. 2d 708. Circumstances generally held sufficient to invoke the doctrine of part performance as an exception to the statute of frauds are some combination of the following: payment of the purchase price or a part thereof, possession and lasting and valuable improvements on the land.

In the instant case the existence of the oral agreement is in dispute as evidenced by the complaint and answer. The appellees who were the moving parties for the summary

judgment did not, by affidavit or any other offered evidence, deny that there was an oral agreement. Even if the trial court could have properly found a parol contract concerning the easement, there was no showing that such parol contract was not taken out of the purview of the statute of frauds by the doctrine of part performance. Thus, with an issue of a material fact in dispute, the summary judgment based on the statute of frauds was improper.

Appellant-Dubois argues that because the negotiations regarding the alleged oral agreement occurred prior to the execution of the deed, they were merged in the deed. In this respect the law is that in the absence of fraud or mistake, all prior or contemporaneous negotiations or executory agreements, written or oral, leading up to the execution of a deed are merged by the acceptance of the grantee. *Coleman* v. *Hart* (1865), 25 Ind. 256; *Brown* v. *Ind. Dept. of Conservation, et al.* (1967), 140 Ind. App. 638, 225 N. E. 2d 187 (transfer denied) ; *Thompson* v. *Reising* (1944), 114 Ind. App. 456, 51 N. E. 2d 488 (transfer denied). However, independent and collateral agreements are not merged in the deed. *Thompson* v. *Reising, supra; Doty* v. *Sandusky Portland Cement Co. of Ohio* (1910), 46 Ind. App. 440, 91 N. E. 569.

Whether or not the oral agreement created rights collateral to, and independent of, the conveyance depends on facts in dispute and, therefore, summary judgment was improper.

Our decision in this appeal should not be construed to mean that the alleged oral agreement is enforceable, or that it even exists. We hold only that the issue of its existence or enforceability presents a genuine issue of material fact and, therefore, it was error for the trial court to sustain the motion for summary judgment.

Judgment reversed and cause remanded to the trial court for further proceedings consistent with this opinion.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 279.