LOLA MAE YOUNG, AS ADMINISTRATRIX OF THE ESTATE OF DANIEL S. YOUNG, DECEASED, AND LOLA MAE YOUNG *v.* CLARK A. BRYAN AND BONNIE LOU BRYAN

[No. 1-576A74. Filed April 5, 1977. Review on remand filed July 26, 1977. Petition for rehearing denied September 20, 1977.]

---

*Vernon J. Petri, Richard W. Lorenz, John J. Fuhs*, of Spencer, for appellants.

From the Putnam Circuit Court, *Francis N. Hamilton*, Judge.

*Arch N. Bobbitt, Ruckelshaus, Bobbitt & O'Connor*, of Indianapolis, *Rexell A. Boyd, Lyon & Boyd*, Greencastle, for appellees.

## CASE SUMMARY

LOWDERMILK, J.—Plaintiff-appellant Lola Mae Young—in her personal capacity and as administratrix of the Estate of Daniel S. Young—appeals from a judgment for defendants—appellees Clark A. and Bonnie Lou Bryan in a bench trial of Lola's action for specific performance of a contract to sell land and for damages due to non-performance.

We remand for further determinations.

## FACTS

Clark and Daniel discussed the sale of the Bryans' 160-acre farm to the Youngs; the Bryans signed and gave to Daniel the document set forth in the trial court's first finding of fact, *infra.*

Daniel sought a loan of $72,000 from a bank. The bank president and vice-president went to the Bryans' farm, informed the Bryans that they were there to appraise the farm for the purpose of a mortgage loan to Daniel, and were shown the boundaries of the farm by Clark. The bank approved the loan.

The trial court's "Findings of Fact, Conclusions of Law and Judgment" stated:

"The Court having had this cause under advisement and having considered the evidence, including all sworn testimony, exhibits, depositions and deposition exhibits introduced by the parties by stipulation now pursuant to the request of the plaintiff enters herein his findings of fact as follows:

"1.   That on June 27, 1973 the defendants executed and gave to the Plaintiff Daniel S. Young the following paper which reads as follows:

'We Clark A. Bryan & Bonnie Lou Bryan agree to sell our 160 acres for $72,000.00. This farm is located SE ¼ Sec 15 5-½. Real estate taxes for 1972 are $467.62. We agree to give possession on March 1, 1974.

'The limit of liability insurance is as follows:

| | |
|---|---|
| Farm Dwelling | $14,000.00 |
| Barn | 4,500.00 |
| Workshop | 2,000.00 |
| Sm metal pole shed | 500.00 |
| Large metal pole shed | 5,000.00 |

'The house has 8 rooms, carpeted upstairs & steps, carpeted living room & bath. Enclosed back porch.

Signed June 27, 1973

Clark A. Bryan
Bonnie Lou Bryan'

"2.   That said paper was written by separate defendant Bonnie Lou Bryan with the express permission and consent of her

husband and separate defendant Clark A. Bryan and bears the signatures of both Bonnie Lou Bryan and Clark A. Bryan.

"3.    That after the execution and delivery of such paper the Plaintiff Daniel S. Young died and the widow Lola Mae Young, is the surviving widow of Daniel S. Young, deceased, and the Administratrix of the estate of said decedent.

"4.    That at no time after the delivery of the paper set forth at finding No. 1 did the Plaintiffs or either of them file or deliver to the Defendants an acceptance of such offer.

"Upon such findings of fact the Court finds that the law is with the Defendants and the Court enters judgment for said defendants."

### ISSUE

Whether the trial court's judgment was clearly erroneous.

### DECISION

Lola contends that the trial court's judgment was contrary to law inasmuch as its fourth finding of fact disclosed that it applied an erroneous rule of law to the facts.

This finding shows that the trial court held that the Bryans' offer was not accepted; it shows that the trial court considered a filing or delivery of the Youngs' acceptance to be necessary to form a contract.

We cannot disturb said finding and judgment unless they were clearly erroneous. Ind. Rules of Procedure, Trial Rule 52(A). Clearly erroneous means that, although there is evidence to support the trial court's decision, the record leaves the reviewing court with the definite and firm conviction that a mistake has been committed. *Citizens Gas & Coke Utility v. Wells* (1971), 150 Ind. App. 78, 275 N.E.2d 323.

It is not the law of this state that an offeree's acceptance must be filed or delivered to the offeror before a contract is created. The acceptance must be evidenced by some overt act and must be communicated to the offeror so that there is a meeting of the parties' mind. 6 I.L.E., *Contracts* §§ 21, 23, 26 (1958). The acceptance may be expressed verbally, in writing, or by acts which manifest the acceptance. *Equitable Life Assurance Society of the United States v. Perkins* (1907), 41 Ind.App. 183, 80 N.E. 682.

Our Statute of Frauds[1] does not govern the formation of contracts — but only the enforceability of contracts which have *been formed*. It does not void a verbal contract for the sale of an interest in real property. *Dubois County Machine Co. v. Blessinger* (1971), 149 Ind. App. 594, 274 N.E.2d 279.

To render a contract to sell land enforceable within the Statute of Frauds, it must be evidenced by some writing: (1) which has been signed by the party against whom the contract is to be enforced or his authorized agent, (2) which describes with reasonable certainty *each party* and the land, and (3) which states with reasonable certainty the terms and conditions of the promises and by whom and to whom promises were made. *McMahan Construction Co. v. Wegehoft Brothers, Inc.* (1976), 170 Ind.App. 558, 354 N.E.2d 278.

A verbal contract for the sale of land may be removed from the operation of the Statute of Frauds by the doctrine of part performance; whether there was performance sufficient to invoke the doctrine is a question which requires an examination of the circumstances of each case. *Id.* See *Dubois County Machine Co. v. Blessinger, supra,* for some circumstances which are generally held sufficient to make the doctrine applicable.

Inasmuch as the trial court utilized an erroneous standard in its fourth finding of fact we conclude that its judgment was clearly erroneous. Pursuant to Ind. Rules of Procedure, Appellate Rule 15(N) we retain jurisdiction over this cause and remand it to the trial court with instructions that it conduct any necessary further proceedings and within 60 days of the hand down date hereof to correct and amend its "Findings of Fact, Conclusions of Law and Judgment," *supra,* to determine the following issues according to the standards enunciated herein. The issues which the trial court shall determine are:

1. Whether the Youngs accepted the Bryans' offer.

2. If there was acceptance so that a contract was formed, whether

---

1. IC 1971, 32-2-1-1. Lola argues that the Statute of Frauds was not an issue in the case at bar. However, the record reveals that the Bryans asserted this affirmative defense in their answer and thereby properly raised the issue. Ind. Rules of Procedure, Trial Rule 8(C).

there was a memorandum of the contract sufficient to bring it within the Statute of Frauds.

3. If it was not within the Statute of Frauds, whether there was performance sufficient to invoke the doctrine of part performance.

Remanded for further proceedings.

ROBERTSON, C.J. and Lybrook, J. concur.

## REVIEW ON REMAND

LOWDERMILK, J. — On April 5, 1977, this court handed down the opinion of *Young v. Bryan* (No. 1-576 A 74), wherein this case was remanded to the trial court with directions to amend its Findings of Fact, Conclusions of Law and Judgment to determine three issues according to the legal principles announced therein. The issues which the trial court was directed to determine were:

1. Whether the Youngs accepted the Bryans' offer.

2. If there was acceptance so that a contract was formed, whether there was a memorandum of the contract sufficient to bring it within the Statute of Frauds.

3. If it was not within the Statute of Frauds, whether there was performance sufficient to invoke the doctrine of part performance.

On April 18, 1977, the trial court conducted further proceedings and entered amended Findings of Fact and Conclusions of Law which provided in pertinent part as follows:

"* * *

5. That there never was a final agreement or understanding or a meeting of the minds between Bryans and Daniel S. Young.

6. That there never was an acceptance by Young of Bryan's offer, either orally, in writing, or by any act or deed by Young or by anyone in his behalf.

7. That sometime in the summer of 1973, Young submitted to the Bryans a counter memorandum which was not accepted by Bryans.

* * *

9.  That the offer (Plaintiff's Exhibit No. 1) was withdrawn by Bryans on October 26, 1973.

\* \* \*

11.  That Bryans had no further negotiations or dealings with Dan Young after the notice of withdrawal was sent to him (Young) on October 26, 1973.

\* \* \*

1.  There was never an acceptance by Young of Bryans' memorandum offer, either orally, in writing, or by act or deed by Young or by anyone in his behalf.

2.  The memorandum (Plaintiff's Exhibit No. 1) does not contain all of the essential elements, terms, and conditions sufficient to constitute a contract.

3.  That the law is with the defendants.

4.  Since the answer to conclusion of law No. 1 answers the Appeals Court Issue No. 1, as it appears at page 5 of its Memorandum Decision, in the negative, and since under this Court's Conclusions No. 1, 2, and 3, there was no acceptance by Youngs and the law is with the defendants, the issues of the sufficiency of the memorandum and the question of part performance as contingently raised in Issues No. 2 and 3, at page 5 of said opinion, are answered in favor of the defendants, by such findings 1, 2 and 3, the Court sees no reason to discuss them further."

Having reviewed the record in light of the trial court's amended Findings of Fact and Conclusions of Law to the effect that no binding contract existed between Young and the Bryans, it is now the opinion of this court that the judgment of the trial court is not clearly erroneous and should be affirmed.

Judgment affirmed.

Robertson, C. J. and Lybrook, J. concur.

## ON PETITION FOR REHEARING

LOWDERMILK, J. — On April 5, 1977, this court, in an unpublished opinion, determined that the trial court had applied an erroneous standard to its fourth finding of fact thereby rendering its judgment clearly

erroneous. We thereupon remanded this case to the trial court, specifically retaining jurisdiction, with instructions to conduct all necessary further proceedings in accordance with our opinion, and within 60 days of the hand down date to correct and amend its Findings of Fact, Conclusions of Law and Judgment.

Pursuant to this court's order, the trial court filed with this court, on April 18, 1977, Amended Findings of Fact, Conclusions of Law and Judgment.

Thereafter, on July 26, 1977, after carefully reviewing the Amended Findings of Fact, Conclusions of Law and Judgment submitted by the trial court, we were of the opinion that the judgment of the trial court was not clearly erroneous and should be affirmed.

In the interim between April 18, 1977 and July 26, 1977, petitioner-appellant, on June 17, 1977, filed a second motion to correct errors.

Petitioner contends that the opinion of this court handed down on July 26, 1977, was premature because the trial court had not yet ruled on her second motion to correct errors filed June 17, 1977. We disagree.

When the trial court certified its Amended Findings of Fact, Conclusions of Law and Judgment to this court on April 18, 1977, pursuant to this court's order of April 5, 1977, the trial court became divested of all jurisdiction to take any further action in this cause. *See generally, Layne v. State* (1977), 172 Ind.App. 570, 572, 361 N.E.2d 170, 172.

However, we have carefully considered petitioner's second motion to correct errors attached to her petition for rehearing and find that it, as was true of her first motion to correct errors, fails to establish that the judgment of the trial court was clearly erroneous.

Petition for rehearing denied.

Robertson, C.J. and Lybrook, J. concur.

NOTE — Reported at 368 N.E.2d 1.