**DUPONT FEEDMILL CORPORATION,** Appellant (Plaintiff Below),

v.

**STANDARD SUPPLY CORPORATION,** Appellee (Defendant Below).

No. 1–579A153.

Court of Appeals of Indiana, First District.

Oct. 18, 1979.

---

George A. Leininger, Jr., Leininger, Eckert & Alcorn, Madison, for appellant.

Gary K. Kemper, Cooper, Cox, Jacobs & Kemper, Madison, for appellee.

ROBERTSON, Judge.

This appeal arises out of the granting of summary judgment in favor of the defendant-appellee Standard Supply Corporation (Standard) in an action for the specific performance of an alleged contract for the sale of land brought by plaintiff-appellant Dupont Feedmill Corporation (Dupont).

We affirm in part and reverse in part.

When reviewing the grant of summary judgment, the appellate court must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *Matter of Big Raccoon Conservancy District et al. v. Kessler Farms Corp.*, (1977) Ind.App., 363 N.E.2d 1004; *Hale v. Peabody Coal Co.*, (1976) Ind.App., 343 N.E.2d 316; Ind.Rules of Procedure, Trial Rule 56. The burden is upon the movant to establish that no material facts are in genuine issue and any doubt must be resolved against the movant. *Hale, supra* at 320. A fact is "material" for purposes of summary judgment if it tends to facilitate resolution of any of the issues either for or against the party having the burden of proof on that issue. *Brandon v. State*, (1976) 264 Ind. 177, 340 N.E.2d 756. Despite conflicting facts and inferences on some elements of the claim, summary judgment may be proper where there is no dispute or conflict regarding the fact that is dispositive of the litigation. *Letson v. Lowmaster*, (1976) Ind.App., 341 N.E.2d 785. "In short, summary judgment is not a procedure for trying facts and determining the

preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists." *Central Realty, Inc. et al. v. Hillman Equipment, Inc.,* (1969) 253 Ind.App. 48, 57, 246 N.E.2d 383, 389.

We summarize the trial court's findings of fact as follows: Prior to September 14, 1978, Anthony Castor, a representative of Dupont, and C. V. Queen, president of Standard, had discussed the sale of certain real estate owned by Standard. On September 14, 1978, the two individuals met again to discuss the sale. Mr. Castor tendered a proposed written real estate contract to Mr. Queen with a down payment bank draft of $60,000. The two discussed changes in the written contract. We deviate from the trial court's findings and note that a factual controversy exists as to whether Mr. Castor and Mr. Queen reached an oral agreement for the sale of land; Mr. Castor claims they had an oral agreement and Mr. Queen claims that he stated he would refer the document to his attorney. In any event, to return to the summary of the trial court's findings, the written contract was never signed by Mr. Queen, although he retained the contract and the bank draft. Soon thereafter Standard received a higher offer from a third party, and advised Dupont of it. On September 17, 1978, Mr. Castor retrieved the bank draft from Mr. Queen, who had not endorsed or deposited it. Mr. Queen at that time endorsed the draft and gave it to Mr. Castor at his request so that Mr. Castor could get the funds back. Eventually Standard concluded the sale of land with the third party.

The trial court made conclusions of law, which we summarize as follows:

(1) There was no oral contract for the sale of the land between Dupont and Standard.

(2) No written contract was signed by Standard and thus the Statute of Frauds applies.

(3) There was no part performance to remove the agreement, if any, from the Statute of Frauds.

(4) The doctrine of equitable estoppel does not apply because Standard did not make false representations of material facts to Dupont nor did Standard conceal material facts from Dupont.

■ We agree with Dupont that the trial court's conclusion of law that no oral contract was made is the result of weighing conflicting evidence. Thus, summary judgment as to this issue was inappropriate. *Central Realty, supra.* However, because of our disposition of the next two conclusions of law, this factual controversy will be material only as to the issue of whether estoppel is applicable such as to defeat the Statute of Frauds.

The next two conclusions of law present no error on appeal in that they follow the law and no factual controversy surrounds them. Both parties agree that a written contract was not signed for the sale of the land. The only document signed by the party to be held responsible (Standard) is the down payment check. Both parties agree that the check was signed by Standard only after it was clear that Standard was not willing to consummate the alleged deal. The signature was for the purpose of tendering back the check to Dupont.

■ The Statute of Frauds does not govern the formation of contracts, but rather only the enforceability of contracts which have been formed. It does not void an oral contract for the sale of an interest in real property; rather, it renders the oral contract voidable. *Young v. Bryan,* (1977) Ind. App., 368 N.E.2d 1; *Dubois County Machine Co. v. Blessinger,* (1971) 149 Ind.App. 594, 274 N.E.2d 279. For a contract to sell land to be enforceable within the Statute of Frauds, it must be evidenced by some writing (1) which has been signed by the party against whom the contract is to be enforced or his authorized agent, (2) which describes with reasonable certainty each party and the land, and (3) which states with reasonable certainty the terms and conditions of the promises and by whom and to whom promises were made. *Young v. Bryan, supra* at 3; *McMahan Construction Co. v.*

*Wegehoft Brothers, Inc.,* (1976) Ind.App., 354 N.E.2d 278.

An oral contract for the sale of land may be removed from the operation of the Statute of Frauds by the doctrine of part performance; whether there was performance sufficient to invoke the doctrine is a question which requires the examination of the circumstances of each case. To qualify as a part performance of the oral contract the circumstances must be founded on, and referable to, the oral agreement. Circumstances generally held sufficient to invoke the doctrine of part performance as an exception to the Statute of Frauds are some combination of the following: payment of the purchase price or a part thereof, possession, and lasting and valuable improvements on the land. *Dubois, supra* at 282.

As stated above, there is no written document here that would qualify under the Statute of Frauds. Dupont's attempt to incorporate the signed check fails since it was not intended, *when signed*, to be part of the contract for the sale of land. *See Holmes v. Rushville Production Credit Association,* (1976) Ind.App., 353 N.E.2d 509.[1] As to the part performance exception, the only possible part performance— the "acceptance" of the check (not cashed) by Standard—standing alone is not sufficient. *McMahan, supra* at 282–3.

We do reverse for trial on one single issue and that is whether the doctrine of equitable estoppel applies in this case:

The doctrine of estoppel to assert the statute of frauds against a claim based upon an oral contract is founded upon the vital principle that 'he who by his language or conduct leads another to do, upon the faith of an oral agreement, what he would not otherwise have done, and changes his position to his prejudice, will not be allowed to subject such a person to loss or injury, or to avail himself of that change to the prejudice of such other party.' 49 Am.Jur., Statute of Frauds § 583, page 890. [Emphasis deleted]

*Hurd, etc. v. Ball et al.,* (1957) 128 Ind.App. 278, 295, 143 N.E.2d 458, 466. *See also Blake v. Hosford,* (1979) Ind.App., 387 N.E.2d 1335, 1341.

The trial court, and Standard on appeal, state that there is a requirement that there be a false misrepresentation or concealment of material facts as an element of estoppel in this case. While the case relied on by Standard does indicate this requirement,[2] it involved the affirmative defense of equitable estoppel or estoppel *in pais*, not the use of estoppel to defeat the Statute of Frauds. We find no such requirement in the definition quoted above.

Dupont, by way of counteraffidavit, states that in reliance on the alleged oral contract, one of Dupont's officers told his banker of the alleged contract and obtained funds to complete the transaction. The banker states if the transaction is not completed that Dupont's credibility will be shaken and adverse future banking relationships will follow. These statements present a factual controversy, which we note can be established by a showing considerably less than a likelihood of recovery on the merits. *Tekulve v. Turner, et al.,* (1979) Ind.App., 391 N.E.2d 673.

Affirmed in part, reversed in part for further proceedings on the single issue of estoppel.

LOWDERMILK, P. J., and NEAL, J., concur.

---

1. On petition for rehearing this opinion was vacated on other grounds, 355 N.E.2d 417, and reinstated at 357 N.E.2d 734.

2. *Modisett v. Jolly,* (1972) 153 Ind.App. 173, 286 N.E.2d 675.