**Doris PORTER, Trustee of Harrison Township, County of Howard, Indiana, Appellant-Defendant,**

v.

**HARRISON TOWNSHIP VOLUNTEER FIRE DEPARTMENT, INC., Appellee-Plaintiff.**

No. 2–578A155.

Court of Appeals of Indiana, Fourth District.

Jan. 31, 1980.

Donald J. Bolinger, Kokomo, for appellant-defendant.

William E. Beck, II, Martin & Beck, Kokomo, for appellee-plaintiff.

CHIPMAN, Judge.

Plaintiff-appellee Harrison Township Volunteer Fire Department (Fire Department) is a non-profit corporation organized in 1970 for the "common purpose of providing a trained fire-fighting force to provide fire protection within the confines and limits of Harrison Township, Howard County, Indiana." From May 1, 1970 to December 31, 1976, it contracted on a yearly basis with the Harrison Township Trustee to provide those services.[1] For the first three years

---

1. The contractual relationship is authorized either by IC 17–4–19–1 which reads:

Any Township trustee, by and with the consent of the township advisory board is hereby authorized and empowered to make and enter into an agreement with any one or more corporate nonprofit volunteer fire-fighting companies or associations 'which maintains adequate fire-fighting service, *for the use and operation of fire-fighting apparatus and equipment owned by such companies* or associations and for the service of the operators of such apparatus and equipment, as shall best conduce to the saving from destruction by fire of the property of citizens of such township and of the public property therein situated. (emphasis added)

or IC 17–4–20–8, which reads:

*Whenever any township trustee shall purchase* for any township *any fire-fighting* and *fire-extinguishing apparatus and equipment* under the provisions of this act [17–4–20–1— 17–4–20–11], such township trustee, . . is hereby authorized and empowered to make and enter into such agreement with any volunteer fire-fighting company or association, which may be or may have been organized for the purpose of fighting fires within the limits of such township, for the use and operation of such apparatus and equipment, as shall best conduce to the saving from destruction by fire of the property of citizens of such township and of the public property therein situated. . . . (emphasis added)

the Fire Department worked pursuant to an oral contract, the terms of which are not disclosed. A written contract was in effect from 1973 to 1976.

The Fire Department's contract was not renewed for 1977 and subsequently Doris Porter, Harrison Township Trustee, took possession of a substantial quantity of personal property located at the firehouse. The Fire Department then filed its complaint to replevy this property. In her answer, the Trustee alleged the taxpayers of Harrison Township were the owners of the items in question. In a cross-complaint she alleged certain individuals had possession of some items of personal property and should be named as additional defendants. Those named entered appearances and filed a motion to dismiss for lack of service of process.

Both the Trustee and the Fire Department filed answers to interrogatories claiming ownership of the property. The Fire Department stated:

Plaintiff claims full rights of ownership in each and every item of personal property listed in the list attached to Defendant's Interrogatories propounded to the Plaintiff. The Plaintiff, Harrison Township Volunteer Fire Department, Inc., acquired full rights of ownership in the aforesaid personal property by either paying for the particular item of personal property or by gift of the particular item of personal property from a member of the Harrison Township Volunteer Fire Department, Inc.

As evidence of its claims the Fire Department filed receipts and cancelled checks for many of the items and indicated a donation of other items.

The Trustee stated:

Defendant claims an interest as Trustee of Harrison Township in the aforementioned items of personal property.

The parties have not indicated which statute is applicable in this case.

2. Appellant's brief asserts another issue:
Where there are multiple parties and multiple issues, may a trial court enter summary judgment as to all parties without specifying

The items listed were purchased with Harrison Township funds; or were donated items to Harrison Township.

The Trustee filed a list of checks drawn on Harrison Township payable to the Fire Department indicating their date, number, purpose and amount. During the period of the oral contract checks in varying amounts were written for monthly operating expenses and clothing and travel expenses. During the written contract checks were written for contract payments and clothing and travel allowances.

The Fire Department filed a motion for summary judgment which was granted and noted:

. . . [T]he court . . . now finds that there is no genuine issue as to any material fact and that plaintiff corporation and the cross-defendants are entitled to judgment as a matter of law
. . . .

From this judgment the Trustee appeals. She presents the following issues for review: [2]

1. Was the trial court correct in concluding no genuine issue of fact existed as to the ownership of the items of personal property?

2. Was the trial court correct in granting the third party defendants' motion for summary judgment?

Answering both questions in the negative, we reverse and remand.

■ The rules applicable to summary judgment are well known. A summary judgment is only properly granted when no genuine issue of material fact exists. Ind. Rules of Procedure, Trial Rule 56(C). The moving party has the burden to establish this and any doubt must be resolved against it. *Dupont Feedmill Corp. v. Standard Supply Corp.*, (1979) Ind.App., 395 N.E.2d 808; *Hale v. Peabody Coal Co.*, (1976) Ind.App., 343 N.E.2d 316.

which of the issues there was a finding of no genuine issues of material facts.
This issue is waived for failure to include it in the Motion to Correct Errors. Ind.Rules of Procedure, Trial Rule 59(G).

In short, summary judgment is not a procedure for trying facts and determining the preponderance of the evidence. Rather, it is a procedure for applying the law to the facts when no factual controversy exists. *Central Realty, Inc. et al. v. Hillman's Equipment, Inc.* (1969), 253 Ind. 48, 57, 246 N.E.2d 383, 389.

*Dupont Feedmill Corp. v. Standard Supply Corp., supra* at 809.

## I. *Genuine Issue of Fact*

█ As a non-profit corporation, the Fire Department has the power to acquire and own personal property. IC 23-7-1.1-4(b)(4). They have submitted checks and receipts to prove ownership of some items and indicate others were donated to them. This, however, does not preclude a possibility that Harrison Township has some interest in the property in question. The Trustee apparently contends the money used was Harrison Township's, and the donations were really intended for the Township.

The resolution of this dispute lies in the relationship of the parties. However, the court was relatively unenlightened on this issue. The court was not informed as to which was the controlling statute, IC 17-4-19-1 or IC 17-4-20-8. The provisions of the three year oral contract were never revealed even though some of the property was acquired during that time. The terms of the written contract [3] shed little light on ownership of the personal property. The answers to interrogatories do not prove ownership of all pieces of property conclusively.

Drawing all inferences against the Fire Department we must conclude genuine issues of fact do exist. The court was not provided with sufficient information on the relationship of the parties and ownership of the property.

The Fire Department may be able to prove their rights of ownership to some or all items at trial. But, their rights of ownership to all items do not exist as a matter of law.

## II. *Summary Judgment for Third Party Defendants*

█ The Trustee also questions the propriety of the trial court's judgment for the third party defendants, referred to there as "cross-defendants." In her answer the Trustee named the third party defendants and alleged they were in possession of or had destroyed some of the items of personal property. They filed an appearance

---

3. A copy of the 1973 contract was submitted to the court:

### Fire Service Contract

Parties:
1. Harrison Township, Howard County Indiana. Lester Carter Trustee.
2. Harrison Township Volunteer Fire Department Incorporated.

### Article I

The term of this contract shall be from January 1, 1973 thru January 1, 1974. This contract will continue from year to year unless terminated by either party. The contract will be open for negotiation in December of each year.

### Article II

The parties of this contract agree that the Corporation shall provide the following:
1. Manpower to assume the administrative, firefighting and maintenance duties.
2. Assume financial responsibility for the utilities of the building and the maintenance of all equipment. In case of major break down, anything in excess of $200.00 will be assumed by the Township.
3. The Corporation will assume the care of the lawn and clean up of the building. All repairs of the property will be assumed by the Township.
4. The Township will assume payment of clothing and travel allowances and insurance premiums. The insurance required shall be public liability and property damage to cover Corporation personal while engaged in firefighting activities. Also insurance to cover loss of contents of the building.

### Article III

The Corporation shall provide all services listed in this contract for a sum of $5000.00 per contract. This will be paid to the Treasurer of the Corporation in two (2) installments of $2,500.00 each. The first installment shall be paid on or before January 31, 1973. The second installment shall be paid on or before July 31, 1973. The Corporation shall provide an itemized financial account to the Trustee on or before January 1, 1974.

### Article IV

It will be understood that the use of the building or property for anything other than Fire Department activities will be by mutual consent of both parties.

Date: January 1, 1973

and a motion to dismiss for the Trustee's failure to serve them with a summons or complaint. There is no certificate of service on either the Trustee's Answer or Cross-complaint nor does the record in any other way reflect service on the third party defendants. Therefore the trial court would have been correct in granting the Motion to Dismiss, Ind.Rules of Procedure, Trial Rules 12(B)(4), 14(A). The trial court never specifically ruled on this motion. In fact, the next mention of the third party defendants does not appear until the entry of judgment. As an entry granting them summary judgment it is improper since no evidence was even presented by them on any issue.

We reverse and remand this cause to the trial court for further proceedings.

MILLER, P. J., and YOUNG, J., concur.