Todd M. PERKINS, Charity L. Perkins, Appellants (Defendants/Counter Claimants below),

Stottlemyer Lumber Company, Inc., Appellant (Defendants below),

v.

Robert E. OWENS, Jr., Thelma M. Owens, Kelly L. Leedy, and Jean A. Leedy, Appellees–Plaintiffs.

No. 48A04–9707–CV–273.

Court of Appeals of Indiana.

Dec. 27, 1999.

David W. Stone IV, Blanchard H. Shearer, Anderson, Indiana, Eric N. Allen, Greenfield, Indiana, Attorneys for Appellants.

William Byer, Sr., Anderson, Indiana, Attorney for Appellees.

## OPINION

ROBERTSON, Senior Judge

### STATEMENT OF THE CASE

Defendants–Appellants Todd M. Perkins and Charity L. Perkins (collectively, "Perkins") and Stottlemyer Lumber Company, Inc. ("Stottlemyer") appeal the trial court's judgment in favor of Plaintiffs–Appellees Robert E. Owens, Jr. and Thelma M. Owens (collectively, "Owens") and Kelly L. Leedy and Jean A. Leedy (collectively, "Leedy").[1]

We reverse and remand.

### ISSUE

The following issue is dispositive: whether the trial court was clearly erroneous in concluding that an oral agreement for conveyance of land was taken out of the statute of frauds by Owens's and Leedy's part performance.

### FACTS AND PROCEDURAL HISTORY

In 1978, property-owners Owens and Leedy purchased separate lots which ad-

1. Where appropriate, Owens and Leedy may be referred to collectively as "the plaintiffs."

joined their respective properties. The lots purchased were part of a divided piece of property owned by Stottlemyer and were designated as Lot No. 119 (Owens) and Lot No. 120 (Leedy). In 1992, Perkins also purchased a lot from the same piece of property. Owens's and Leedy's contracts and deeds did not include a thirty-foot strip of land (the "disputed property") that Stottlemyer had retained to provide access to the backlots of its property; Perkins's contract and deed did include the disputed property.

Owens and Leedy filed suit against both Perkins and Stottlemyer, claiming in their original complaint that they were owners of respective portions of the disputed property by adverse possession. Owens and Leedy later amended the complaint, alleging *inter alia* that the deed serving as a source of title to Perkins was void and that Owens and Leedy each had an oral agreement with Stottlemyer that a portion of the disputed property would be given to them after Stottlemyer sold all of the lots on its property. Owens and Leedy asked the court to compel the specific performance of the respective oral agreements.

Stottlemyer responded to the amended complaint by raising numerous affirmative defenses, including statute of frauds and estoppel. Perkins also responded to the amended complaint, and he raised the affirmative defense that he was a bona fide purchaser. Both Stottlemyer and Perkins also raised the issue of whether Owens and Leedy had standing to bring this action.

A bench trial was held, and the trial court originally entered a general judgment in favor of Owens and Leedy. After being informed that a request for special findings had been filed, the trial court entered an order entitled "Court's Findings of Fact and Conclusions of Law."[2] (Supp.R. 18). The trial court ruled in favor of Owens and Leedy, a ruling which Perkins and Stottlemyer appealed. In a memorandum decision, we reversed and remanded with instructions that the trial court enter sufficient findings of fact and conclusions of law. *See Perkins v. Owens*, 712 N.E.2d 46 (Ind.Ct.App.1999). We retained jurisdiction, and the trial court entered a subsequent order in Owens's and Leedy's favor on July 13, 1999, partially on the basis that the oral agreements were taken out of the statute of frauds by the plaintiffs' part performance. The parties have filed supplemental briefs, and we now consider the propriety of the trial court's July 13, 1999, order.

## DISCUSSION AND DECISION

Perkins and Stottlemyer contend that the trial court's findings of fact do not support its conclusion that the oral agreements between the plaintiffs and Stottlemyer are taken out of the statute of frauds by the plaintiffs' part performance. Thus, Perkins and Stottlemyer conclude that the oral agreements are not enforceable.

The court found that Owens landscaped the disputed property, maintained it for fifteen years, and built a utility barn upon it. (Finding of Fact # 12, p. 4). The trial court also found that Leedy "utilized [Lot No. 120] and the [disputed property] for a garden, storing of fire wood and bulldozed it and landscaped it." (Finding of Fact # 10, p. 3). The court concluded that the "[p]laintiffs' cause of action is not barred by the statute of frauds by reason of part performance." (Conclusion of Law # 2, p. 7).

When a party has requested specific findings of fact and conclusions of law pursuant to Ind.Trial Rule 52(A), we may affirm the judgment on any legal theory supported by the findings. *Mitchell v. Mitchell*, 695 N.E.2d 920, 923 (Ind.1998). In reviewing the judgment, we first must determine whether the evidence supports the findings and second, whether the findings.

---

**2.** It appears that the court clerk originally misplaced Perkins's request for special findings.

ings support the judgment. *Ahuja v. Lynco Ltd. Medical Research,* 675 N.E.2d 704, 707 (Ind.Ct.App.1996), *trans. denied.* The judgment will be reversed if it is clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.* A judgment is clearly erroneous even though there is evidence to support it if the reviewing court's examination of the record leaves it with the firm conviction that a mistake has been made. *Owensby v. Lepper,* 666 N.E.2d 1251, 1256 (Ind.Ct.App. 1996), *reh'g denied.* A trial court's interpretation of statutes and/or case law is a question of law to which this court owes no deference. *Morgan County v. Ferguson,* 712 N.E.2d 1038, 1043 (Ind.Ct.App.1999).

■ The statute of frauds requires contracts for the sale of real property to be in writing. Ind.Code § 32–2–1–1. The statute is intended to preclude fraudulent claims which would probably arise when one person's word is pitted against another's and which would "open wide those ubiquitous flood-gates of litigation." *Summerlot v. Summerlot,* 408 N.E.2d 820, 828 (Ind.Ct.App.1980). Nevertheless, oral contracts for the conveyance of real property are voidable, not void. *Dubois County Machine Co. v. Blessinger,* 149 Ind.App. 594, 274 N.E.2d 279, 282 (1971).

■ Oral contracts may be excepted from the statute of frauds by the doctrine of part performance. *Id.* To qualify as a part performance of the oral contract certain circumstances must be present and these circumstances must be founded on, and referable to, the oral agreement. *Dupont Feedmill Corp. v. Standard Supply Co.,* 182 Ind.App. 459, 395 N.E.2d 808, 811 (1979); *Dubois County, id.* Partial payment alone is not sufficient to constitute partial performance and removal from within the statute of frauds. *McMahan Construction Co. v. Wegehoft Brothers, Inc.,* 170 Ind.App. 558, 354 N.E.2d 278, 282–83 (1976). Circumstances generally held sufficient to invoke the doctrine of part performance as an exception to the statute of frauds are some combination of the following: payment of the purchase price or a part thereof; possession; and lasting and valuable improvements on the land. *Dubois County, id.*

■ Indiana courts have held fast to "the validity of the rationale behind the statute of frauds," and have "rather strictly adhered to requiring proof of a combination of [the aforementioned circumstances]." *Summerlot,* 408 N.E.2d at 829. This required proof must be "clear and definite." *Otterman v. Hollingsworth,* 140 Ind.App. 281, 214 N.E.2d 189, 193 (1966).

In the present case, the trial court did not make any findings as to whether the purchase price or a part thereof was paid to Stottlemyer by Owens and Leedy with regard to their respective agreements. However, the evidence seems to indicate that Owens and Leedy believed that the purchase price for the disputed property was included in the price they paid for the lots purchased pursuant to their respective written contracts with Stottlemyer. Perkins and Stottlemyer do not contest the issue of payment. We assume, therefore, that payment of the purchase price or a part thereof was made by both Owens and Leedy. It is well-established, however, that payment, standing alone, is insufficient to remove a case from the statute of frauds. *See Lux v. Schroeder,* 645 N.E.2d 1114, 1118 (Ind.Ct.App.1995), *trans. denied.*

■ The trial court also failed to make any findings as to whether Owens and Leedy took possession of the disputed property pursuant to their oral agreements with Stottlemyer. Such possession must be unequivocal, and it must be shown that the possession relied upon was in

consequence of the contract and pursuant to its conditions. *Summerlot,* 408 N.E.2d at 829; *Guckenberger v. Shank,* 110 Ind. App. 442, 37 N.E.2d 708, 714 (1941); *King v. Hartley,* 71 Ind.App. 1, 123 N.E. 728, 729 (1919). "The possession must be yielded by one party, and accepted by the other, as done in performance of the contract." *Lux,* 645 N.E.2d at 1118 (*quoting King,* 123 N.E. at 730; *Riley v. Haworth,* 30 Ind.App. 377, 64 N.E. 928, 930 (1902)).

■ Our review of the evidence adduced by Owens discloses that he built a shed upon skids on the disputed property prior to the purchase of Lot # 119 from Stottlemyer. He sought, and gained, permission to do so before he entered into either the written contract for Lot # 119 or the oral contract for the disputed property. The evidence also discloses that Owens mowed the disputed property long before entering into either the written or oral contracts and that he continued to do so after entering into the contracts. Similarly, our review of the evidence adduced by Leedy discloses that he had used the disputed property for a garden and storage of firewood prior to entering into either the contract for the purchase of Lot # 120 or the oral contract for the disputed property.

It is clear from the evidence adduced by Owens and Leedy that, to the extent they have ever actually "possessed" the disputed property, their "possession" after entry into their respective oral contracts with Stottlemyer was the same as their "possession" prior to such entry. It is well-settled that "a mere remaining in possession under the terms of a parol contract of purchase of land is not sufficient to take the contract out of the statute of frauds." *Waymire v. Waymire,* 141 Ind. 164, 40 N.E. 523, 524 (1895).

■ Furthermore, only "valuable and lasting" improvements that are founded upon the oral contract are sufficient to take an oral contract out of the statute of frauds. *Dubois County,* 274 N.E.2d at 282. As one commentator has stated:

> As in the case of possession, the improvements made will have small weight unless they are of a kind that would not have been made had there been no oral contract. They must be "referable to the contract," it is often said. This does not mean that the improvements made must have been referred to in any way in the contract but only that they are such as it would have been improvident to make in the absence of some such contract, so that they are strong circumstantial evidence of its existence. In order to be sufficient, the improvements made must be valuable and permanent in character, and substantial in amount.

4 *Corbin on Contracts* § 18.15, p. 541 (Rev. ed. 1997).

■ As noted above, the trial court found that Owens landscaped the disputed property, maintained it for fifteen years, and built a utility barn upon it. (Finding of Fact # 12, p. 4). The trial court also found that Leedy "utilized the lot and the [disputed property] for a garden, storing of fire wood and bulldozed it and landscaped it." (Finding of Fact # 10, p. 3). However, as also noted above, the maintenance (mowing) of the disputed property and the building of the non-permanent utility barn by Owens occurred prior to the formation of the oral contract. These non-contract additions, coupled with landscaping (yard work) that was neither permanent in character nor substantial in amount, are insufficient to take the oral contract between Owens and Stottlemyer out of the statute of frauds. Furthermore, as noted above, Leedy's gardening and storage of wood was not founded on the oral contract, and the record discloses that the landscaping and bulldozing was done on a portion of Lot # 120, not on the disputed property. These additions are not sufficient to take the oral contract out of the statute of frauds.

■ In order to invoke the trial court's jurisdiction, Owens and Leedy were re-

quired to demonstrate a personal stake in the outcome of the lawsuit and to show that they had sustained or were in danger of sustaining some direct injury as a result of the conduct at issue. *See Indiana State Police v. Don's Guns & Galleries,* 674 N.E.2d 565, 570 (Ind.Ct.App.1996), *trans. denied.* The doctrine of standing operates as a restraint on the exercise of jurisdiction in that the trier of fact cannot proceed where there is no demonstrable injury to the complaining party. *Bennett v. Indiana Life and Health Insurance Guaranty Association,* 688 N.E.2d 171, 176 (Ind.Ct.App.1997), *trans. denied.* Here, Owens's and Leedy's standing hinged on the demonstrable injury that would result from the failure to enforce their respective oral contracts. The unavoidable conclusion that the oral contracts are unenforceable, therefore, left Owens and Leedy without standing, and the trial court without jurisdiction, to challenge the validity of the deed given to Perkins by Stottlemyer.

### *CONCLUSION*

The trial court's findings are insufficient to support its conclusion that Owens's and Leedy's respective oral contracts were enforceable by reason of part performance. Owens and Leedy lack standing to challenge the deed given to Perkins by Stottlemyer.

We reverse and remand with directions that the trial court vacate its judgment and enter judgment for Perkins and Stottlemyer.

DARDEN, J., and BAILEY, J., concur.