STATE of Indiana on the relation of Lynn M. HEINOLD, Relator,

v.

The PORTER COUNTY SUPERIOR COURT; the Honorable Raymond D. Kickbush as Judge thereof; and the Honorable William W. Anderson, Jr., as Commissioner thereof, Respondents.

No. 64S00–8607–OR–00701.

Supreme Court of Indiana.

Dec. 2, 1986.

Mark Warren Coleman, Calvin K. Hubbell Law Offices, Valparaiso, for relator.

Paul R. Chael, Brown & Chael, Crown Point, for respondents.

PIVARNIK, Justice.

Relator, Lynn M. Heinold, filed a Verified Petition for Writ of Mandamus and Writ of Prohibition based on Respondent's refusal to grant her a change of venue from the judge, pursuant to Trial Rule 76. The issue arose following a divorce by the parties and subsequent difficulties concerning custody and visitation of a minor child.

On February 6, 1985, the marriage of these parties was dissolved, custody of the minor child was placed with Relator-Wife, Lynn M. Heinold, and provisions for visitation of Husband, Victor R. Heinold, were set. The Order provided for Victor Heinold to have weekend personal visitation, telephone visitation during the months of May and June, 1985, and a three week summer visitation during the summer of 1985. On July 2, 1985, Victor Heinold filed a Verified Petition for Contempt, claiming Lynn Heinold failed to allow him either personal or telephonic visitation with the minor child, and further alleging his summer visitation was in jeopardy. Hearing was set for July 30, 1985. In the meantime, Lynn Heinold had established her residence with the minor child in the State of Illinois, and the court had appointed Attorney James Johnson as guardian *ad litem* of the child. On July 30, 1985, Lynn Heinold's attorney moved to withdraw from the case, and the court set a date of August 31, for the withdrawal motion. Since Victor Heinold indicated he had not yet received any visitation of the child subsequent to his petition filed on July 2, the court set contempt citation for a hearing on the next day, July 31, 1985. On the morning of July 31, 1985, Lynn Heinold called the court and stated she had automobile trouble in Illinois, making it impossible for her to appear. The court then continued the hearing to August 15, 1985, but in the meantime ordered that the father, Victor R. Heinold, was to have physical custody and control of the minor child until a further order could be issued. The court-ordered transfer of physical custody was to take place on August 2, 1985, at 5:00 p.m. That would also be considered the start of Victor Heinold's summer visitation with the minor child as previously ordered. The actions of the trial court at that hearing, entered on August 1, 1985, were transmitted to Lynn Heinold by telephone by the guardian *ad litem*, who also notified her as to the re-setting of the cause for August 15, 1985. When Victor Heinold went to Lynn Heinold's residence to take custody of the minor child on August 2, 1985, at 5:00 p.m., he found that neither the mother nor the minor child was present, and he was informed by neighbors they had left the area. On August 6, 1985, Victor Heinold filed his Petition for Modification of Decree of Dissolution, praying for a change of custody of the parties' minor child to him. This petition was consolidated with the hearing on Petition for Citation, which was still scheduled for August 15, 1985. Copies of this petition were forwarded to Lynn Heinold at her last known address. On August 15, 1985, hearing was held as previously scheduled on the Petition for Citation. Lynn Heinold failed to appear at this hearing. The court accordingly issued its order on that date, granting custody of the minor child to the Department of Public Welfare until further pro-

ceedings could be held, and authorizing the Department of Public Welfare to place the physical custody in Victor Heinold, until further ordered. The court also issued a bench warrant for Lynn Heinold for her failure to appear at said hearing. No evidence was heard on Victor Heinold's petition for change of custody at this time. Lynn Heinold and the child were located almost seven months later in Midland, Texas. On March 10, 1986, Victor Heinold caused the Prosecuting Attorney to have an arrest warrant issued against Lynn Heinold, charging her with perjury alleged to have been committed on January 17, 1985. On April 1, 1986, Lynn Heinold was arrested in Texas on the warrant, and the local Welfare Department in Midland County, Texas, took physical custody of the minor child and notified the husband. On April 3, 1986, Victor Heinold obtained physical custody of the minor child in Texas and informed the Porter County authorities. The Prosecutor then dismissed the perjury charges, and Lynn Heinold was released from incarceration in Texas. Although some conflicts have arisen between these parties involving the intervention of the Prosecuting Attorney as above related, they are not pertinent to the issues before us in this original action. On April 9, 1986, Victor Heinold moved the court to reset the hearing on his Petition to Modify Child Custody, and notice was given to Lynn Heinold regarding said hearing. The court set hearing on Victor Heinold's petition for April 17, 1986. On April 15, 1986, Lynn Heinold's present counsel entered his appearance on her behalf, and on April 18, 1986, moved for reassignment of judge pursuant to local rules of Porter County courts, and also moved for change of venue from the judge. Both of said motions were summarily denied by Commissioner William W. Anderson, Jr., and Judge Raymond D. Kickbush, Respondents herein. On April 28, 1986, Lynn Heinold moved the court to recall the bench warrant it had issued on August 15, 1985, for her failure to appear, and that matter was set for hearing on April 30, 1986. The hearing on the custody matter filed by Victor Heinold was continued from the April 17 setting as a result of Lynn Heinold obtaining new counsel. On April 30, 1986, Lynn Heinold also filed her Petition to Modify Child Custody and Petition for Change of Venue from the Judge. On May 5, 1986, the court issued its order from the April 30 hearing, wherein it had recalled the bench warrant, ordered that home studies and psychological evaluations take place, and denied the Motion for Change of Venue from the Judge. A hearing was set for May 16, 1986, to hear allegations of bias and prejudice that were contained in the Verified Motion for Change of Venue from the Judge. On May 16, 1986, the court heard such evidence and continued to deny the motion for change of venue from the judge.

Lynn Heinold's petition for a writ is based on two grounds. She first claims her motion for change of venue pursuant to T.R. 76 was timely filed after she received appropriate notice of the motions to be heard by the court, and second, that her petition for change of custody was an issue that entitled her to a change of judge. Respondents contend that Lynn Heinold's conduct in purposely removing and secreting herself from the jurisdiction of the court leaves her with no right to claim lack of notice, and that her petition for change of custody raised no new issue that was not already before the court pursuant to Victor Heinold's petition on the same subject. We agree with Respondents on both issues, and deny the petition for writ.

■ Lynn Heinold is correct that the filing for a motion for a change of custody does give rise to a right to a change of venue from the judge pursuant to T.R. 76. Respondent is correct, however, that in this cause, that issue already was present and at issue to be tried by the court at the time Lynn Heinold filed her motion. The issue of custody of the minor child was before the court since Victor Heinold filed his petition in early August, 1985, and it had not yet been determined by the trial court. Lynn Heinold's claim, that the act by the trial court of placing custody or wardship in the Porter County Welfare Department

with physical custody to Victor Heinold pending further orders was a virtual change of custody, has no merit. The record clearly shows the intention of the trial court was to maintain the *status quo* until a meaningful hearing could be had to determine the custody issue. The court was distressed that it was frustrated in deciding this issue by Lynn Heinold's mistrust of the courts in not giving the court an opportunity to hear and determine the issues, and further placing the court in a position where any order it made could not be enforced because the subject child of the hearing was not in the jurisdiction. It is common practice for trial courts to place a child or children in the custody or wardship of the Welfare Department to supervise custody until the court can hear and determine the custody issues and make a meaningful judgment thereon. There was, therefore, no ruling on Victor Heinold's petition for change of custody, but only this temporary measure to bring the child, and it was hoped, all the parties, into the jurisdiction to reach a determination when that was possible. As soon as the child was located and brought into the jurisdiction, Victor Heinold's petition for change of custody was set for hearing, and it was that very hearing, along with other matters before the court, that was contemplated when Lynn Heinold filed her Motion on the same subject. Lynn Heinold's petition for change of custody raised no issue not already before the court, and therefore gave no rise to a right to a change of venue from the judge pursuant to T.R. 76.

We further feel Lynn Heinold cannot be heard to complain that she did not have notice of the Petition for Change of Custody and therefore gained an extended right to request a change of judge some seven months later. A party is obliged to know and keep herself advised of the activities of an active lawsuit in which she is a party. Furthermore, it is apparent Lynn Heinold knew the court was hearing matters and making determinations that had to do with visitation and custody of the minor child. Attempt was made to serve her at her last known address for purposes of

enforcement of the custody orders, but she had left that address. She had constructive notice of the hearing since the guardian *ad litem* had discussed it with her on the phone. There is no denial that she fled the jurisdiction and secreted herself and her child in Texas for a period of almost seven months with the very purpose of frustrating the jurisdiction of the court in enforcing orders it already had made in regard to custody and visitation and hearing matters to make further determinations on those subjects. Lynn Heinold has failed to demonstrate that this Court would be justified in using its extraordinary power to issue the writ against the trial court. Petition for writs denied.

GIVAN, C.J., and SHEPARD, J., concur.

DeBRULER and DICKSON, JJ., dissent without separate opinions.