**Julie A. ZILLMER (formerly Lakins), Appellant,**

v.

**Michael W. LAKINS, Appellee.**

**No. 50A03–8901–CV–11.**

Court of Appeals of Indiana, Third District.

Oct. 10, 1989.

---

David R. Holmes, James P. Hayes, Holmes & Hayes, Plymouth, for appellant.

Tom A. Black, Plymouth, for appellee.

HOFFMAN, Judge.

Appellant Julie A. Zillmer appeals a contempt order. On December 14, 1981, the marriage of Julie Lakins, now Julie Zillmer, and Michael Lakins was dissolved. On October 21, 1988, the trial court found in part:

"1. That on October 10, 1986, this Court Ordered the Petitioner, Julie A. Lakins—now—Julie A. Zillmer, to produce the minor child of the parties, Jennifer Lakins, on or before November 7, 1986.

2. That the Petitioner failed, refused and neglected to so produce said minor child as ordered, and the same constitutes contempt of this Court's Order.

3. That the Respondent, Michael W. Lakins, incurred the following costs and expenses in locating and obtaining physical custody of the minor child, to-wit:

| | |
|---|---|
| $ 990.00 | Private Investigator |
| $ 820.00 | Private Investigator |
| $1,220.00 | Attorney fees (11/11/86) |
| $ 25.70 | Costs |
| $1,200.00 | Attorney fees (12/10/86) |
| $ 149.00 | Costs |
| $ 590.00 | Attorney fees (03/03/87) |
| $ 75.31 | Costs |
| $ 765.00 | Airline tickets for Respondent and minor child (Court specifically excluding airline ticket for Respondent's Wife). |

$5,834.01

4. The Court further finds that the Petitioner is in further contempt of this Court's Order of October 10, 1986 in failing to pay previous sums as Ordered by this Court in the total sum of $1,312.50."

Appellant raises the following issues:

(1) whether the trial court had jurisdiction; and

(2) whether the trial court erred in finding Zillmer in contempt.

Appellant contends the trial court lost jurisdiction when change of venue was improperly denied. On July 31, 1986, Michael Lakins filed a Verified Information for Rule to Show Cause, Motion for Modification of Custody, Motion for Immediate Termination of Support Order, and Petition for Punishment for Violation of Court Order. On September 5, 1986, Julie Zillmer filed a Motion for Change of Venue from the judge. On September 2, 1986, the trial court denied change of venue because the motion was untimely. Appellant's change of venue motion was not filed within the 30 days provided by Ind.Rules of Procedure, Trial Rule 76(3). Further, a civil contempt proceeding is not considered a civil action and T.R. 76 is inapplicable. *Linton v. Linton* (1975), 166 Ind.App. 409, 415, 336 N.E.2d 687, 692. T.R. 76 is constitutionally

valid. *See Piwowar v. Washington Lumber and Coal Co.* (1980), Ind.App., 405 N.E.2d 576, 581.

■ Appellant maintains that the trial court did not have jurisdiction to enter the contempt order because she had filed proceedings in Florida. On September 24, 1986, Zillmer filed a Petition for Modification of Visitation in Broward County, Florida. On September 26, 1986, the Marshall Superior Court indicated that it continued to have jurisdiction. According to the Uniform Child Custody Jurisdiction Act, IND. CODE § 31–1–11.6–1 *et seq.* (1988 Ed.), the continuing jurisdiction of the court which first entered a child custody decree is an exclusive jurisdiction, which continues until the child and all parties have left the state. *Clark v. Atkins* (1986), Ind.App., 489 N.E.2d 90, 94. On December 14, 1981, the Marshall Superior Court granted custody to Zillmer. Lakins continued to reside in Indiana. The Marshall Superior Court continued to have exclusive jurisdiction even though Zillmer filed proceedings in Florida. The trial court had jurisdiction to enter the contempt order.

Appellant argues that the trial court erred in finding Zillmer in contempt when there was no evidence that Zillmer received notice of Lakins' March 9, 1987 Verified Petition for Rule to Show Cause and April 30, 1987 Petition for Modification of Custody. Appellant contends the trial court erred in failing to give her an opportunity to present evidence.

In reviewing the contempt order, this Court will neither reweigh the evidence nor judge the credibility of witnesses. If the evidence and all reasonable inferences which may be drawn therefrom support the trial court's decision, the decision will be affirmed. *Bechtel v. Bechtel* (1989), Ind. App., 536 N.E.2d 1053, 1056.

The evidence indicates that Zillmer was represented by counsel at the October 1, 1986 hearing which led to the October 10, 1986 court order, and she retained counsel to file proceedings in Florida.

On May 6, 1987, Zillmer's attorney at the October 1, 1986 hearing advised the court that he no longer represented Zillmer and could not accept service on her behalf. On May 18, 1987, Lakins indicated that he mailed notice of the hearing of the petition for modification of custody to Zillmer's Florida address. On June 2, 1987, Zillmer's former attorney submitted an envelope sent to Zillmer's Florida address which was returned to sender.

■ A party is obliged to know and keep advised of the activities of an active lawsuit. *Heinold v. Porter County Superior Court* (1986), Ind., 500 N.E.2d 740, 743. Lakins and Zillmer's former attorney attempted to notify her about the 1987 modification hearings at her last known address. Zillmer knew that the Marshall Superior Court had been making determinations on visitation and custody of her minor child since 1981. She failed to inform the court or her former attorney of her change of address. The evidence supports the trial court's findings that Zillmer willfully refused to comply with court ordered visitation on Christmas of 1985 and 1986, Easter of 1985 and 1986, the summer of 1986 and with court orders entered on August 30, 1985 and October 10, 1986. Zillmer's failure to inform the trial court or her former attorney of her changed address should not frustrate enforcement of the trial court's visitation and custody orders. The contempt ruling will not be overturned because appellant failed to keep advised or participate in her case after she intentionally avoided the operation of court orders.

■ Appellant maintains the trial court erred in allowing recovery of investigator, travel and court fees in the contempt order and in failing to enter judgment for those expenses. On October 21, 1988, the trial court ordered Zillmer to pay Lakins the $5,834.01 he incurred in locating and obtaining physical custody of the minor child. Civil contempts may seek to coerce behavior or to compensate a party when a court order is violated. *Clark v. Atkins, supra,* 489 N.E.2d at 98. The contempt order was the proper means to compensate Lakins' expenses in locating and obtaining physical custody of the minor child after Zillmer

willfully refused to comply with the trial court's visitation and custody orders.

 Appellant contends the trial court erred by ordering contempt when there was no evidence of Zillmer's financial resources. The trial court may consider the relative material positions of the parties in fashioning its remedy for a civil contempt, but it is not bound to attach any particular consequence to the injured party's material circumstance. *Id.* at 98. The trial court did not err in finding Zillmer in contempt.

Affirmed.

RATLIFF, C.J., and STATON, J., concur.