Anita FRANCIS—now—Anita Carothers,
Appellant–Respondent,

v.

Robert W. FRANCIS, Appellee–Petitioner.

No. 50A03–9409–CV–342.

Court of Appeals of Indiana.

July 31, 1995.

Transfer Denied Nov. 29, 1995.

Tom A. Black, Plymouth, for appellant.

Philip E. Hesch, Hesch, Rosenberg & Roberts, Bremen, for appellee.

## OPINION

STATON, Judge.

Anita Carothers f/k/a Anita Francis appeals the trial court's denial of her petition for modification of visitation and award of trial attorney fees to Robert Francis. Anita raises three issues on appeal which we restate as follows:

   I.  Whether the trial court erred in exercising jurisdiction to enforce a Florida visitation order.

  II.  Whether the trial court abused its discretion in expanding the visitation order.

 III.  Whether the trial court erred in awarding Robert attorney fees.

We affirm.

The facts most favorable to the judgment are as follows. Robert and Anita were married for ten years, during which Anita bore two children. During the marriage, Anita had a long-term affair with William Carothers. Though Robert had reason to believe he was sterile, he thought he had fathered the two children.

While the family lived for a time in Florida, Anita filed a petition for marriage dissolution which the Florida court granted in April of 1993. As part of the dissolution, blood tests were performed which conclusively determined that William, rather than Robert, fathered the two minor children. Noting this, the Florida court awarded Anita custody of the children while granting Robert liberal visitation, concluding it was in the children's best interest.

After final dissolution, all the parties moved back to Indiana. Anita and William married, but William had immediate difficulties accepting Robert's visitation, feeling it created discipline and behavioral problems for the children. As a result of this friction, Anita and William sought advice from Sarah Burke, a marriage counselor. Burke advised the couple to cut back on Robert's visitation and attend further counseling. Anita and William immediately reduced Robert's visitation, but discontinued counseling.

After the children expressed concern about the decreased visitation, Robert petitioned

the Indiana trial court to enforce the visitation order. Anita responded by filing a petition to modify Robert's visitation.

The trial court, after two hearings, gave the Florida decree full credit and actually expanded Robert's visitation, finding such to be in the children's best interest. The court further concluded that Anita willfully violated the Florida order and, on that basis, awarded Robert trial attorney fees in the amount of $250 and court costs. Anita appeals.

I.

*Jurisdiction and the UCCJA*

Anita first argues that the trial court erred in exercising jurisdiction over the petition as that was prohibited under the Uniform Child Custody Jurisdiction Act ("UCCJA")[1]. Alternatively, Anita argues that because the court lacked jurisdiction to award custody to Robert, the court lacked jurisdiction to increase Robert's visitation.

■ We first address Anita's UCCJA argument. Under the UCCJA, visitation rights are considered a custody matter and, thus, come under the act. I.C. § 31–1–11.6–2(2); *Stambolija v. Stambolija* (1994), Ind. App., 643 N.E.2d 5, 6. In an interstate custody dispute, a trial court's jurisdiction is not directly granted by the UCCJA, rather, the UCCJA operates to restrict the court's normal jurisdiction to hear such matters. *Stambolija, supra.*

■ Under the UCCJA, the court which grants the marriage dissolution normally retains jurisdiction during the children's minority to modify custody. *Id.* at 6–7. However, this initial court properly retains that jurisdiction only so long as at least one parent remains within the state, i.e., a "significant connection" remains between the state and the children. *Id.* at 7. Since all parties reside in Indiana, we conclude that Florida no longer has a significant connection with the children. Further, Indiana is the appropriate forum to address Robert's petition since Indiana is now the children's home

state, I.C. § 31–1–11.6–3(a)(1), and Florida no longer satisfies the UCCJA's jurisdictional requirements, I.C. § 31–1–11.6–14(a); *Stambolija, supra.* Thus, the UCCJA did not prevent the Indiana trial court from properly exercising jurisdiction over the petition.

■ Next, Anita argues that the trial court lacked jurisdiction to modify visitation for Robert since it lacked jurisdiction to award Robert custody. Recently, this court addressed, and rejected, Anita's argument. In *Caban v. Healey* (1994), Ind.App., 634 N.E.2d 540, we concluded:

[Husband's] argument that since the court did not have authority to grant [Stepmother] custody of [Child], it lacked authority to grant her visitation as well misses the mark. [I]n appropriate circumstances the court may award visitation rights to a nonparent and ... the authority to do so is a matter of common law rather than a power conferred by [statute]. The trial court had jurisdiction of the father who in turn had the legal custody of [Child] and it had jurisdiction of the stepmother who had acted as parent to [Child] for most of [Child's] life. The court therefore had jurisdiction to order the father, as custodial parent, to grant the visitation the court found reasonable.

*Id.* at 543 (citations omitted). Indeed there are numerous cases in which Indiana trial courts have exercised authority to grant visitation rights to persons who could not exercise custody. *See Custody of Banning* (1989), Ind.App., 541 N.E.2d 283; *Tinsley v. Plummer* (1988), Ind.App., 519 N.E.2d 752; *Collins v. Gilbreath* (1980), Ind.App., 403 N.E.2d 921.

For these reasons, we conclude the trial court properly exercised jurisdiction over the modification petition.

II.

*Modification of Visitation*

■ Anita next argues that the trial court erred in failing to reduce Robert's visitation

---

1. Codified in Indiana as Ind.Code § 31–1–11.6–3, *et seq.* Since our statute is so similar to the model statute, we will use UCCJA to refer to the Indiana scheme. For a summary and discussion of the UCCJA generally see Brigette Bodenheimer, *The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws,* 22 VAND.L.REV. 1207 (1969).

and instead expanding that visitation. Anita claims that the interest she and William have in avoiding extra-familial distractions outweighs Robert's interest in visitation.

On appeal from a decision modifying visitation, we review the trial court's decision for an abuse of discretion. *Banning, supra,* at 285. In so doing, we do not reweigh the evidence nor judge the credibility of the witnesses. *Id.*

To establish grounds for visitation, a third party must demonstrate the existence of a custodial and parental relationship and that visitation would be in the children's best interest. *Id.* at 284. A parent's mere protest that visitation with the third party would somehow harm the family is not enough to deny visitation in all cases, particularly where the third party cared for the children as his own. *Id.*

In this case, Robert cared for the children as their father for all their lives prior to the divorce. The children knew no other father and have only recently become acquainted with William. Anita's protest that Robert's visitation somehow disrupts her family is unavailing. Though parents have a primary custody right over their children, the right:

> is not akin to a property right, but is more in the nature of a trust which may be subject to the well-being of the child as perceived by the courts of this state.

*Collins, supra,* at 923.

We conclude that the trial court did not err in expanding Robert's visitation rights. The two children lived with Robert as their father for ten and six years, respectively; the trial court did not abuse its discretion in determining that significant contact with Robert is in the children's best interest.

### III.

*Attorney Fees*

Finally, Anita argues that the trial court erred in ordering her to pay Robert's attorney fees without first ascertaining her ability to pay. She also claims that fees were inappropriate as she did not willfully violate the Florida order, but only followed Burke's advice.

First, Anita argues that the trial court erred in ordering her to pay Robert's costs and attorney fees without ascertaining her ability to pay. We review the trial court's award of attorney fees only for an abuse of discretion. *Fish v. Clore* (1991), Ind.App., 570 N.E.2d 1347, 1349, *reh. denied.* Trial courts may award litigation costs to a prevailing party where the opponent knowingly violates a visitation order. I.C. § 31–1–11.5–24(c)(1). In making such an award, the court must consider all the circumstances before it. *Fish, supra,* at 1350. Anita testified that she and William suffered from "no money pressure." Record, at 94. Thus, we conclude the trial court did not abuse its discretion as it only ordered Anita to pay a small amount after determining that she wilfully violated the Florida order.

Next, Anita argues that she did not willfully violate the visitation order because she reduced Robert's visitation only upon Burke's advice. This argument is untenable for several reasons, but primarily because there is no advice-of-therapist defense which excuses disobeying a court order. In addition, Anita admitted choosing to deny Robert visitation. This is sufficient to show that she knowingly violated the order.

For these reasons, we conclude that the trial court properly exercised jurisdiction over this case, and did not abuse its discretion in expanding Robert's visitation or awarding Robert attorney fees.

Affirmed.

GARRARD and BARTEAU, JJ., concur.