**Clarence Lewis PIERCEY,**
**Appellant–Respondent,**

v.

**Theresa F. PIERCEY, Appellee–**
**Petitioner.**

**No. 49A04–9906–CV–274.**

Court of Appeals of Indiana.

April 17, 2000.

Maria Matters, L. Strodtman & Associates, Cumberland, Indiana, Attorney for Appellant.

Denise Hayden, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Respondent, Clarence Lewis Piercey (Clarence), appeals the trial court's award of attorney fees to Appellee–Petitioner, Theresa F. Piercey (Theresa), and the trial court's order finding Theresa not in contempt of court.

We affirm.

### ISSUES

Clarence raises two issues for our review, which we restate as follows:

1. Whether the trial court erred in ordering Clarence to pay Theresa's attorney $5,000.00 in attorney fees.

2. Whether the trial court abused its discretion in finding Theresa not in contempt of court.

### FACTS AND PROCEDURAL HISTORY

Clarence and Theresa were married on March 10, 1979, and three children were born of their marriage. On March 15, 1994, the trial court issued the parties a Decree of Dissolution of Marriage. In the parties' Settlement Agreement they agreed that Theresa would have custody of the minor children and Clarence would have visitation rights pursuant to the Marion County Guidelines.

On March 11, 1997, Theresa filed an Emergency Petition for Modification of Visitation, a Petition for Psychiatric/Psychological Examination of Respondent, and a Petition for Visitation Evaluation. On April 7, 1997, Clarence filed a Motion for Appointment of Guardian Ad Litem for Minor Children, a Memorandum in Opposition of Petition for Psychological Evaluation of Father and Petition for Visitation Evaluation, and Request for Mediation. On April 9, 1997, Clarence filed a Petition for Contempt Citation for Failure to Allow Visitation and for Attorney Fees, and a

Petition for Modification of Dissolution Decree Regarding Access to Medical and School Records and for Injunction and Temporary Restraining Order. On April 10, 1997, Theresa filed a Petition for Modification of Decree of Dissolution of Marriage. On May 9, 1997, Theresa filed a Notice of Intent to Move Residence. On June 10, 1997, Clarence filed a Petition for Modification of Dissolution Decree with regard to Custody. On July 18, 1997, Clarence filed a Petition for Emergency Hearing for Summer and Continuing Visitation. On August 27, 1997, Clarence filed a Motion for Urgent Emergency Hearing on Denial of Visitation and to Re–Establish Visitation. On February 2, 1998, Theresa filed a Petition for Contempt Citation.

On June 3, 1998, the parties filed a Stipulated Joint Statement of the Issues. All matters pending in this case were tried to the trial court on June 3, 1998, September 25, 1998, and January 19, 1999. On March 31, 1999, the trial court issued its Findings of Fact, Conclusions of Law, and Order. In this Order the trial court directed Clarence to pay Theresa's attorney $5,000.00 in attorney fees and found Theresa not in contempt of court for denying Clarence visitation.

## DISCUSSION AND DECISION

### Attorney Fees

■ Clarence asserts that the trial court improperly awarded fees to Theresa's attorney. In this case, the trial court entered Findings of Fact and Conclusions of Law at the request of the parties. "When a party has requested specific findings of fact and conclusions of law, we may affirm the judgment on any legal theory supported by the findings." *Perkins v. Owens,* 721 N.E.2d 289, 291 (Ind.Ct.App. 1999). In reviewing the trial court's findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Pitman v. Pitman,* 721 N.E.2d 260, 263 (Ind.Ct.App.1999). We first consider whether the evidence supports the findings. "In determining whether findings

are clearly erroneous, we construe the findings liberally in support of the judgment. The findings are clearly erroneous only when a review of the record leaves us firmly convinced a mistake has been made." *Id.* Secondly, we determine whether the findings support the judgment. "A judgment is clearly erroneous when unsupported by the findings of fact and conclusions thereon." *Id.* Upon review, we neither reweigh the evidence nor judge the credibility of the witnesses. *Perkins,* 721 N.E.2d at 292. Instead, we consider only the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Id.* "Finally, we must affirm the judgment of the trial court unless the evidence points incontrovertibly to the opposite conclusion." *Pitman,* 721 N.E.2d at 264.

■ Clarence argues that in awarding attorney fees, the trial court was bound by the provisions of Ind.Code § 31–17–2–23 rather than the requirements of Ind.Code § 31–15–10–1. Ind.Code § 31–17–2–23 requires a custodial parent to file a Notice of Intent when the custodial parent intends to move a child's residence outside Indiana or at least one hundred (100) miles from the individual's county of residence. This statute also requires that upon request, the trial court shall set this matter for hearing "for the purpose of reviewing and modifying, if appropriate, the custody, visitation, and support orders." Ind.Code § 31–17–2–23(b). This statute further provides that "[e]xcept in cases of extreme hardship, the court may not award attorney's fees." Ind.Code § 31–17–2–23(c).

However, the trial court's award of attorney fees to Theresa's counsel was based on Ind.Code § 31–15–10–1, which provides:

(a) The court periodically may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this article and for attorney's fees and mediation services, including amounts for legal services pro-

vided and costs incurred before the commencement of the proceedings or after entry of judgment.

(b) The court may order the amount to be paid directly to the attorney, who may enforce the order in the attorney's name.

Clarence argues that the trial court was required to apply the more specific statute regarding attorney fees, Ind.Code § 31–17–2–23(c), rather than the more general attorney fee statute, Ind.Code § 31–15–10–1.

When one statute covers a particular subject in general terms and another statute covers the same subject in a more detailed or specific manner, then we first attempt to harmonize the statutes, but if the statutes are irreconcilably conflicting the more detailed statute prevails as to the subject matter it covers.

*Medical Disposal Services, Inc. v. Indiana Department of Environmental Management,* 669 N.E.2d 1054, 1059 (Ind.Ct.App. 1996), *trans. denied.* While we agree with Clarence that Ind.Code § 31–17–2–23(c) is the more specific statute, our analysis does not end there. We must also determine, based on the facts of this case, which statute should have been appropriately applied to this matter.

Theresa argues that the trial court properly awarded her counsel fees under Ind. Code § 31–15–10–1, because in addition to her Notice of Intent to Move Residence, several other unrelated motions were also heard by the trial court and provided a proper basis for the trial court's award of attorney fees. We agree.

A review of the numerous filings by the parties shows that at least twelve motions were pending at the time this matter was tried. A number of those motions and petitions were filed prior to Theresa filing her Notice of Intent to Move Residence. Further, prior to trial, the parties filed a Stipulated Joint Statement of the Issues. These issues included:

1) whether Clarence's visitation should be suspended or supervised;

2) whether Clarence should pay Theresa's attorney fees for bringing the Petition for Modification of Visitation;

3) whether Theresa is in contempt of court;

4) whether the trial court should issue a permanent injunction;

5) whether the Decree should be modified to require all health and school officials to provide Clarence with information regarding the children and to require Theresa to provide Clarence with such information;

6) whether Theresa should pay Clarence's attorney fees for bringing the contempt action;

7) whether child support should be modified;

8) whether the division of the uninsured health care expense should be modified;

9) whether Clarence should be allowed to claim all three children as dependents for income tax purposes;

10) whether Theresa should be allowed to move the children to Decatur, Indiana;

11) whether custody of the minor children should be transferred to Clarence;

12) whether Clarence should be ordered to contribute to the cost of the custody evaluation;

13) whether Clarence failed to pay his portion of uninsured health care expenses and whether he should be held in contempt; and

14) whether Clarence should pay Theresa's attorney fees for bringing the contempt action.

After a review of these issues, it is apparent that issues one (1) through six (6) and thirteen (13) through fourteen (14) are

unrelated to the issue of Theresa's Notice of Intent to Move Residence. Further, issues one (1) through nine (9) were all raised in pleadings filed prior to the filing of Theresa's Notice of Intent to Move Residence. However, because Ind.Code § 31–17–2–23(b) requires that a hearing be held, if requested, for the "purpose of reviewing and modifying, if appropriate, the custody, visitation, and support orders," issues seven (7) through twelve (12) are arguably related to Theresa's Notice of Intent to Move Residence. Nonetheless, the majority of the issues pending at the time of trial were unrelated to Theresa' Notice of Intent to Move Residence. Consequently, attorney fees could properly be awarded for these unrelated matters under Ind. Code § 31–15–10–1.

Moreover, Theresa requested attorney fees in her initial Petition for Modification of Visitation filed three months prior to her Notice of Intent to Move Residence and again requested attorney fees in her unrelated Petition for Contempt Citation regarding Clarence's failure to pay his portion of uninsured medical expenses. Further, it is important to note that Theresa did not request attorney fees in her Notice of Intent to Move Residence. Therefore, the trial court properly applied Ind.Code § 31–15–10–1 in deciding whether to grant Theresa's request for attorney fees.[1]

▆▆▆▆▆ The decision whether to award attorney fees was well within the trial court's discretion and the trial court enjoys broad discretion in making such awards. *Russell v. Russell,* 693 N.E.2d 980, 984 (Ind.Ct.App.1998), *trans. denied.* To determine a reasonable attorney fee award, the trial court considers the spouses' resources, their economic condition, and their ability to engage in gainful employment and earn an adequate income. *Shively v. Shively,* 680 N.E.2d 877, 883 (Ind.Ct.App.1997). However, in awarding attorney fees in dissolution cases the trial

court need not give specific reasons for its determination. *In re Marriage of Pulley,* 652 N.E.2d 528, 532 (Ind.Ct.App.1995), *trans. denied.* Here, the trial court specifically found that Theresa was employed as a certified nursing assistant at Adams County Memorial Hospital and earned $180.00 per week while Clarence was employed by United Food and Commercial Workers Union and earned $1,444.00 per week. Thus, in light of the great disparity in the parties' income, we conclude that the trial court properly ordered Clarence to pay attorney fees in the amount of $5,000.00 to Theresa's attorney.

### Contempt of Court

Clarence next argues that the trial court improperly determined that Theresa was not in contempt of court for denying him visitation with the parties' minor children. Clarence asserts that Theresa admitted that she refused to allow Clarence visitation even though she knew that she did not have a court order allowing her to terminate visitation.

▆▆▆▆▆ The determination of whether a party is in contempt of court is a matter within the trial court's discretion and the trial court's decision will only be reversed for an abuse of that discretion. *Williams v. State ex rel. Harris,* 690 N.E.2d 315, 316 (Ind.Ct.App.1997). "A court has abused its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law." *Id.* When reviewing a contempt order, we will neither reweigh the evidence nor judge the credibility of witnesses. *Zillmer v. Lakins,* 544 N.E.2d 550, 552 (Ind.Ct.App.1989). "Our review is limited to considering the evidence and reasonable inferences drawn therefrom that support the trial court's judgment. Unless after a review of the entire record we have a firm and definite belief a mistake has been made by the trial court, the trial court's

---

1. Thus, the case law cited by Clarence concerning the limited basis for a fee award under Ind.Code § 31–17–2–23(c) is unpersuasive here as we have determined that attorney fees were properly awarded pursuant to Ind. Code § 31–15–10–1.

judgment will be affirmed." *In re Marriage of Glendenning*, 684 N.E.2d 1175, 1179 (Ind.Ct.App.1997), *trans. denied.* Furthermore, this court will only reverse the trial court's contempt judgment if there is no evidence to support it. *Shively v. Shively*, 680 N.E.2d 877, 882 (Ind.Ct. App.1997).

■■■■■ "In order to be punished for contempt of a court's order, there must be an order commanding the accused to do or refrain from doing something." *Adler v. Adler*, 713 N.E.2d 348, 354 (Ind.Ct.App. 1999). To hold a party in contempt for a violation of a court order, the trial court must find that the party acted with "willful disobedience." *Glendenning*, 684 N.E.2d at 1179.

■■■ Theresa initially denied Clarence visitation with one of their three children, M.P., during a weekend in February, 1997. The trial court found that just prior to the visitation weekend, on February 24, 1997, M.P. had been released from Riley Hospital, and Theresa had been advised by M.P.'s physician that it was not advisable for M.P. to ride in a car for the period of time it would take to get to the Cincinnati area. Clarence lived in the Cincinnati area at the time. The trial court also found that the physicians preferred that M.P. stay close to Riley Hospital until such time as his condition stabilized. Theresa testified that she allowed the other two children to visit during that weekend, but she did not allow her son, M.P., to visit due to his medical condition. Theresa further testified that in response to her decision not to allow Clarence to visit with M.P., Clarence became extremely irate and verbally abusive, and the police had to be called. Shortly thereafter, Theresa filed her Emergency Petition for Modification of Visitation.

■■■ The trial court also found that Theresa terminated visitation "at the children's request because they expressed fear of [Clarence] and began having nightmares." (R. 55). Although this is not a legitimate reason to terminate visitation without a court order,[2] it was within the purview of the trial court to determine whether Theresa's violation of the trial court's visitation order was willful. The trial court determined that Theresa's violation was not willful based on the evidence presented at trial. It was within the trial court's discretion to make this determination, and in reviewing the trial court's decision here we will neither reweigh the evidence nor judge the credibility of witnesses. *Zillmer*, 544 N.E.2d at 552.

Thus, under our limited standard of review, we conclude that the trial court did not abuse its discretion in finding Theresa not in contempt of court for denying visitation to Clarence.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly awarded fees to Theresa's attorney and that the trial court did not abuse its discretion in not finding Theresa in contempt of court.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.

---

2. The trial court determines whether a non-custodial parent's visitation rights should be terminated or limited. This decision is not to be made by the custodial parent. See *Crowl v. Berryhill*, 678 N.E.2d 828, 830 (Ind.Ct.App. 1997); *Hartzell v. Norman T.L.*, 629 N.E.2d 1292, 1295 (Ind.Ct.App.1994) (mother's concern that child might be molested during visitation and that child did not want to visit were insufficient reasons to deny visitation.) See also *Francis v. Francis*, 654 N.E.2d 4, 7 (Ind.Ct.App.1995). *trans. denied,* (advice from therapist to deny visitation was insufficient basis for mother denying father visitation in violation of court order).