**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 23 2013, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**PAMELA MATHEWS**
South Bend, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| IN THE PATERNITY OF J. P.: | ) | |
| | ) | |
| P. M. (Mother), | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1303-JP-70 |
| | ) | |
| J. P. (Father), | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

---

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Jim Fox, Judge
Cause No. 71J01-0112-JP-840

---

**July 23, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Pamela M. Mathews (Mother), appeals the trial court's Order, finding her in contempt of court.

We affirm.

## ISSUE

Mother raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it found Mother in contempt of court for violating its parenting time order.

## FACTS AND PROCEDURAL HISTORY

Mother and Appellee-Respondent, Jason Pope (Father), are the parents of a minor child, J.P. Mother is the custodial parent with Father having parenting time every Wednesday from 5 p.m. to 8 p.m. and every other weekend from Friday 6 p.m. to Sunday 6 p.m. Due to a litigious relationship between the parents and numerous court filings through the years, parenting time exchanges are ordered to take place at the South Bend police station.

Father had parenting time during the weekend of January 11, 2013. That Friday, Father was at the police station at 6 p.m. At around 6:15 p.m., Father received a phone call from J.P., informing him that she and Mother had taken a nap that afternoon and had overslept. She told Father that they were on their way. Despite Mother's residence being five minutes from the police station, by 6:30 p.m. Mother and J.P. had still not arrived and Father left the police station. He did not receive parenting time that weekend.

2

On January 14, 2013, Father filed a verified motion for contempt of court based on Mother's failure to make J.P. available for visitation. On February 4, 2013, the trial court conducted a hearing on Father's motion. That same day, the trial court found Mother in contempt of court and committed her to the County jail for five days, with all days suspended.

Mother now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Mother contends that the trial court abused its discretion when it found her in contempt for interfering with Father's parenting time. Initially, we note that Father did not file an appellee's brief. When an appellee fails to submit an appellate brief, we need not undertake the burden of developing an argument on his behalf. *Howard v. Daugherty*, 915 N.E.2d 998, 999 (Ind. Ct. App. 2009). Rather, we will reverse if the appellant's brief presents a case of *prima facie* error. *Id*. *Prima facie* error in this context is error at first sight, on first appearance, or on the face of it. *Id*.

The finding of whether a party is in contempt of court is a matter within the trial court's discretion and the trial court's decision will only be reversed for an abuse of that discretion. *Piercey v. Piercey*, 727 N.E.2d 26, 31 (Ind. Ct. App. 2000). A court has abused its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law. *Id*. When reviewing a contempt order, we will neither reweigh the evidence nor judge the credibility of witnesses. *Id*. Our review is limited to considering the evidence and reasonable inferences drawn therefrom that support the trial court's judgment. *Id*. Unless after a review of the entire

3

record we have a firm and definite belief a mistake has been made by the trial court, the trial court's judgment will be affirmed. *Id.* Furthermore, this court will only reverse the trial court's contempt judgment if there is no evidence to support it. *Id.*

To be punished for contempt of a court's order, there must be an order commanding the accused to do or refrain from doing something. *Id.* To hold a party in contempt for a violation of a court order, the trial court must find that the party acted with "willful disobedience." *Id.*

The evidence before us is minimal at best. Although Mother was required to submit an appendix with her appellant's brief pursuant to Ind. Appellate Rule 49, she failed to do so. Accordingly, the only documents available for our review is the trial court's Order finding Mother in contempt, which was included as part of Mother's Brief, and the transcript containing the proceeding of the trial court's hearing on Father's motion.

The transcript indicates that Father's parenting time and visitation was established by court order of August 2006, granting Father one mid-week visit, with alternating weekend visitation and a summer vacation. Testimony reveals that the parties "got into a habit every six months" to "take" each other "to court," normally about visitation. (Transcript p. 5). Father stated that his complaints mostly focused on Mother being late for visitation or missing visitation altogether. He noted that he "went two to three months at times without seeing" J.P. (Tr. p. 5).

Recalling Friday, January 11, 2013, Father testified that he was at the police station at 6 p.m. waiting for Mother and J.P. to arrive. Mother's residence is only five

minutes from the police station. At about 6:15 p.m., he received a phone call from J.P., letting him know that they were on their way to the police station. Father testified that when J.P. was still not there by 6:30 p.m., he called J.P.'s cell phone. J.P. told him "[d]addy, I'll just see you tomorrow" and Father could hear Mother in the background telling J.P. to hang up the phone. (Tr. p. 9). Father asked the police officers to do a welfare check on J.P. and Father left the police station. Father did not receive visitation that weekend. After hearing testimony from Father, Mother, and J.P., the trial court found Mother in contempt of the visitation order. Our review of the sparse evidence available to us does not leave us with a firm belief a mistake has been made by the trial court. Therefore, we affirm the trial court's finding of contempt.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when finding Mother in contempt of court.

Affirmed.

BRADFORD, J. and BROWN, J. concur

5